## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

KAREN ALLEN,

    Plaintiff,

v().                                        Civil No. 05-131 WJ/LCS

W.W. CONSTRUCTION d/b/a
RUIDOSO PAVING; DONNIE
ARMSTRONG in her official and
personal capacity,

    Defendants.

### MEMORANDUM OPINION AND ORDER
### GRANTING DEFENDANTS' PARTIAL MOTION TO DISMISS

THIS MATTER comes before the Court upon Defendants' Motion to Dismiss (in part), filed March 1, 2005 **(Doc. 4)**. Plaintiff worked as a water truck driver for W.W. Construction for almost two months before she was given a notice of termination where the stated basis of termination was a reduction in force. Plaintiff alleges that the stated reason for her termination was pretextual for discrimination based on her gender and age. She asserts claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. and the New Mexico Human Rights Act, N.M.S.A. 28-1-1 et seq. ("Human Rights Act") (Count I), and the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-632 ("ADEA") (Count II). Having considered the parties' briefs and the applicable law, I find that Defendants' motion is well-taken and will be granted.

The instant motion seeks dismissal of Defendant Armstrong ("Armstrong") from all of Plaintiff's claims, and dismissal of the Human Right Acts claim against all Defendants, based on three grounds:

(1)   There can be no Title VII or ADEA claim against individuals, either officially or individually;

(2)   Plaintiff failed to exhaust the administrative process against Defendant Armstrong ("Armstrong") under Title VII, the ADEA and the Human Rights Act (Plaintiff alleges that Armstrong was her supervisor).

(3)   Plaintiff failed to bring this action within the time limits provided by the Human Rights Act after entry of the Determination of No Probable Cause.

The Court need not address the last argument, since Plaintiff concedes that her claims brought under the Human Rights Act are time-barred and should be dismissed.

On ruling on a motion to dismiss, the Court must accept the factual allegations of the complaint as true. Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969); Dewell v. Lawson, 489 F.2d 877, 879 (10th Cir. 1974), abrog. on other grds. by, Melton v. City of Oklahoma City, 879 F.2d 706 (10th Cir.1989). The question is not whether plaintiff will ultimately prevail but whether the allegations entitle plaintiff to offer evidence to support its claim. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). The complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle it to relief. American Home Assur. Co. v. Cessna Aircraft Co., 551 F.2d 804, 808 (10th Cir. 1977); Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Material allegations must be taken as true, and all reasonable inferences must be indulged in favor of the complainant. Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976).

**I.   Claims Against Individuals under Title VII and the ADEA**

Plaintiff is suing both his employer and her supervisor under Title VII and the ADEA. The hallmark of a Title VII claim is that it applies only to employers. See Lankford v. City of Hobart, 27 F.3d 477 (10th Cir. 1994) (citing Sauers v. Salt Lake County, 1 F.3d 1122, 1127

(10th Cir. 1993)).  Personal capacity suits are also inappropriate under the ADEA.  See, Butler v. City of Prairie Village, Kan.172 F.3d 736 (10th Cir. 1999).  Because individual capacity suits are inappropriate, suits against individuals brought under Title VII and the ADEA must proceed in their official capacity.  Haynes v. Williams, 88 F.3d 898, 899 (10th Cir. 1996).

However, Plaintiff cannot sue both her employer and her supervisor in her official capacity, because such claims would be duplicative.  See, Miller v. Brungardt, 916 F.Supp. 1096, 1098 (D.Kan.1996) (holding that it was duplicative for a plaintiff to bring a Title VII claim against both an employer and a supervisor in his official capacity); Land v. Midwest Office Tech., Inc., 979 F.Supp. 1344, 1348 (D.Kan.1997) (citations omitted) (holding that in a Title VII case, dismissal of an official capacity claim against an employee when the employer is also a defendant promotes "'judicial economy and efficiency" and "prevents the possibility of juror confusion"); Indest v. Freeman Decorating, Inc., 164 F.3d 258, 262 (5th Cir. 1999) (recognizing that because Title VII is actually a suit against a corporation or employer, and finding that it would be redundant for plaintiff to sue both employer and supervisor in his official capacity "because effectively the corporation could be held liable twice for the same act") (citations omitted).  Therefore, Defendant Armstrong will be dismissed from this case in both her official and individual (or personal) capacities.

**II.    Failure to exhaust administrative process against Armstrong under Title VII and the ADEA.**

Defendants do not dispute that Plaintiff exhausted her discrimination claims against "W.W. Construction/Ruidoso Paving," as is indicated in Defendants' Exhibit 1 (Charge of Discrimination).  The Court is somewhat puzzled by Defendants' argument based on exhaustion

3

regarding claims against Armstrong, since Defendants have also argued that Plaintiff cannot assert her Title VII or ADEA claims against Armstrong in the first place.  Plaintiff's claims against Armstrong will be dismissed, but for the reasons stated within Defendant's first argument.

**THEREFORE,**

**IT IS ORDERED** that Defendants' Motion to Dismiss (in part) **(Doc. 4)** is GRANTED in that:

(1) Defendant Armstrong is DISMISSED from this action in her official and individual (personal) capacities;

(2) Plaintiff's claims against Defendants brought under the New Mexico Human Rights Act are DISMISSED based on Plaintiff's concession to Defendants' argument that these claims are time-barred.

The Court's ruling on this motion thus far leaves intact Plaintiff's claims against W.W. Construction under Title VII and the ADEA

**IT IS FURTHER ORDERED** that the captions in this case on all future pleadings shall reflect the termination of Defendant Armstrong from this action.  **This caption modification must be followed in all subsequent pleadings.  Pleadings which fail to conform to this Order may be stricken.**

_____
UNITED STATES DISTRICT JUDGE